IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lee Hewitt, | ) Civil Action No.: 0:12-2373-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Robert Ward; Willie T. Smith; Wayne McCabe; Officer Helms, | ) |
| Defendants. | ) |

Plaintiff Steven Lee Hewitt ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff generally complains of treatment, accommodations, and conditions at Lieber Correctional Institution and asserts violations of his constitutional rights and state and federal laws. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On or about August 20, 2012, Plaintiff filed a motion in the form of an "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order" which states that he wants an order from the court "enjoining the defendants, their successors in office, agents and employees, and all other persons acting in concert and participation with them from discontinuing to provide basic human needs, to discontinue suffering mental health patients to extreme conditions, to discontinue to act with deliberate indifference to the basic human needs of the plaintiffs." (ECF No. 8 at 1.)  Defendants filed a Response in

Opposition to this Motion on October 11, 2012. (ECF No. 18). On October 19, 2012, Magistrate Judge Gossett issued a Report and Recommendation ("Report") recommending that the court deny Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order." (ECF No. 26). The Report sets forth the relevant facts and standards of law on this matter and the court incorporates such without recitation. On November 22, 2012, Plaintiff filed a timely Memorandum in Support of Plaintiff's Motion for Preliminary Injunction ("Memorandum") as a reply to Defendants' opposition, however, the Memorandum was filed after the entry of the Report and Recommendation of the Magistrate Judge. (ECF No. 28)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 26 at 5). However, he has not done so and the time for doing so expired on November 5, 2012. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

While Plaintiff failed to file timely objections to the Report and Recommendation, the court takes note of Plaintiff's timely filed Memorandum in Support of Plaintiff's Motion for Preliminary Injunction which concerns the same subject matter addressed in the Magistrate Judge's Report and Recommendation. (ECF No. 28). This Memorandum was not before the Magistrate Judge at the time she issued her Report and therefore was not considered in the recommendation made to this court. (ECF No. 26.) In the interest of fairness, this court has considered the arguments made in Plaintiff's Memorandum. Plaintiff generally complains about the prison conditions on the "Ashley A side" dorm of the Lieber Correctional Institution and the lack of attention given to the needs of inmates with mental illnesses housed there. (ECF No. 28 at 2.) Plaintiff claims there is a "realistic threat of irreparable harm due to the repeated behavior of the prison officials" and seeks "immediate help" from the court on behalf of himself and other inmates.[1] (ECF No. 28 at 5.)

The Magistrate Judge considered the factors a plaintiff must satisfy in order to obtain injunctive relief and found that Plaintiff has not satisfied these requirements. (ECF No. 26.) The arguments raised in Plaintiff's Memorandum do not change the well-reasoned analysis set forth by the Magistrate Judge recommending denial of Plaintiff's Motion for Preliminary Injunction based on the record before the court. "It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological

---

[1] Plaintiff has been previously informed by the court that he cannot represent another prisoner or bring a class action lawsuit on behalf of himself and other prisoners. (ECF No. 13 at 1.) Thus, the court addresses the relief sought in Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Plaintiff's Motion for Preliminary Injunction solely as it applies to Plaintiff on his own behalf.

authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 267 (4th Cir. 1994)(vacating the district court's issuance of a mandatory injunction ordering prison officials to take certain actions).  Plaintiff has failed to demonstrate that circumstances on "Ashley A side," particularly relative to Plaintiff warrant the extraordinary relief sought.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Plaintiff has not met his burden in establishing that a Preliminary Injunction or Temporary Restraining Order is appropriate in this case.  Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report and Recommendation to the extent that it is not inconsistent with this Order.  Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (ECF No. 8) is DENIED.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge


Spartanburg, South Carolina
December 5, 2012